IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ANGEL CALDERON and ERIKA ELIZABETH RAMIREZ, | § § § § § | |
| *Plaintiffs,* | § | |
| v. | § § | Civil Action No. 1:22-cv-124 |
| CENLAR FSB, | § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Cenlar FSB ("Defendant") removes this action from the 103rd Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On September 1, 2022, Plaintiffs Jose Angel Calderon and Erika Elizabeth Ramirez ("Plaintiffs") filed their Original Petition and Application for Temporary Restraining Order (the "Complaint"), *Jose Angel Calderon and Erika Elizabeth Ramirez v. Cenlar FSB*; Cause No. 2022-DCL-04265, in the 103rd Judicial District Court, Cameron County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 103rd Judicial District Court, Cameron County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief preventing foreclosure and damages for common law fraud and equitable relief.

4.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 103rd Judicial District Court, Cameron County, Texas and obtained by Defendant are attached hereto.

5.      In support of this removal and as required by Local Rule 81, please find attached as follows:

**Exhibit A:**   Index of Matters Being Filed;

**Exhibit B:**   Civil Cover Sheet;

**Exhibit C:**   State Court Civil Docket Sheet;

**Exhibit D:**   State Court File;

**Exhibit E:**   List of all counsel of record, including addresses, telephone numbers and parties represented; and

**Exhibit F:**   Cameron County Appraisal District Record.

## II.   TIMELINE FOR NOTICE OF REMOVAL

6.      Defendant has not been served with process in this cause. Less than thirty (30) days have passed since Defendant received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.      The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.   Diversity of Citizenship

8.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiffs.

10. Based upon Plaintiffs' Complaint, Plaintiffs are both citizens of Brownsville, Cameron County, Texas.

11. Defendant Cenlar FSB is a federal savings bank and has its corporate headquarters and its principal place of business in the state of New Jersey. Cenlar's citizenship is determined by the location of its main offices as set forth in their respective articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Cenlar's main office, as designated in its registration, is located in New Jersey. Therefore, Cenlar is a citizen of New Jersey for diversity purposes.

12. Plaintiffs are citizens of the State of Texas and Defendant Cenlar is a citizen of New Jersey, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

    **b.**    **Amount in Controversy Exceeds $75,000**

13. Although Plaintiffs' Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaint seeks relief from Defendant, including injunctive relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to

be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15. The most recent tax appraisal for the Property set the market value for the Property at $130,951.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiffs' Complaint that the amount in controversy more likely than not exceeds $75,000.

## IV. VENUE

16. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because this district and division includes

---

[1] *See* Exhibit F – Cameron County Appraisal District valuation for the Property for 2021.

Cameron County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V.   CONCLUSION

WHEREFORE Defendant Cenlar FSB removes this action from the 103rd Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins – *Attorney In Charge*
State Bar No. 24036497
SD ID No. 926469
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
SD ID No. 2647781
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Itzel Martinez-Santos
The Law Offices of Martinez & Martinez, PLLC
310 S. St. Mary's St., Ste. 980
San Antonio, Texas 78205
itzel@martinezlawtx.com
**ATTORNEYS FOR PLAINTIFFS**

                                                */s/ Shelley L. Hopkins*
                                                Shelley L. Hopkins